# NO. 12-19-00283-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| ***DARREN KEIF NELMS,*** *APPELLANT* | *§* | *APPEAL FROM THE 3RD* |
| ***V.*** | *§* | *JUDICIAL DISTRICT COURT* |
| ***THE STATE OF TEXAS,*** *APPELLEE* | *§* | *HOUSTON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Darren Keif Nelms appeals his conviction for theft in an amount less than $2,500.00 with two or more previous convictions.  In one issue, Appellant argues that the punishment assessed by the trial court was excessive and not in comport with the actual offense.  We affirm.

## BACKGROUND

Appellant was charged by indictment with theft[1] for unlawfully appropriating property in an amount less than $2,500.00, a state jail felony.[2]  The indictment alleged that Appellant was previously twice convicted of misdemeanor theft and was twice convicted of state jail felony theft. The indictment also alleged as "enhancements" that prior to the commission of the charged theft offense, Appellant was convicted of eight felony offenses.[3]

---

[1] The indictment alleged two additional counts of theft: unlawfully appropriating property (1) in an amount less than $2,500.00, and (2) in the amount of $100.00 or more, but less than $750.00. At trial, the trial court found Appellant guilty of these two offenses and assessed his punishment at twenty years of imprisonment each, to be served concurrently. However, the judgment in the clerk's record is for only one of the theft offenses.

[2] TEX. PENAL CODE ANN. § 31.03(a), (e) (4)(D) (West 2019).

[3] If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felonies other than a state jail felony, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a second degree felony.  *See* TEX. PENAL CODE ANN. § 12.425(b) (West 2019).  An individual adjudged guilty of a second degree felony shall be punished by imprisonment for any

Appellant and his counsel signed an "open" plea recommendation in which he judicially confessed to the offense alleged in the indictment, admitted that he committed each and every element alleged, and admitted that he was guilty as charged. Appellant made an "open" plea of "guilty" to the charged offense and pleaded "true" to the two prior misdemeanor thefts, two prior state jail felony thefts, and paragraphs one and three of the enhancement allegations. The trial court found the enhancements to be "true," and found Appellant "guilty" of felony theft in an amount less than $2,500.00, with two or more previous convictions. After the punishment hearing, the trial court assessed Appellant's punishment at twenty years of imprisonment. This appeal followed.

## CRUEL AND UNUSUAL PUNISHMENT

In his sole issue on appeal, Appellant argues that the punishment assessed by the trial court was excessive, not in comport with the actual offense, and therefore, violated the Eighth Amendment of the United States Constitution's prohibition against cruel and unusual punishment.

"To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired." *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *see also Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver of complaint of cruel and unusual punishment under the Texas Constitution because defendant presented his argument for first time on appeal); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (defendant waived complaint that statute violated his rights under the United States Constitution when raised for first time on appeal); *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009) ("Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion[;] ... it [is] incumbent upon the [c]ourt itself to take up error preservation as a threshold issue."); TEX. R. APP. P. 33.1. A review of the record shows that Appellant lodged no objection to the constitutionality of his sentence at the trial court level, and has, therefore, failed to

---

term of not more than twenty years or less than two years, and a fine not to exceed $10,000.00. *See id.* § 12.33 (West 2019).

preserve error for appellate review. *See* **Kim**, 283 S.W.3d at 475; *see also* **Rhoades**, 934 S.W.2d at 120; **Curry**, 910 S.W.2d at 497; **Mays**, 285 S.W.3d at 889; Tex. R. App. P. 33.1.

However, despite Appellant's failure to preserve error, we conclude his sentence does not constitute cruel and unusual punishment. The Eighth Amendment to the Constitution of the United States provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. This provision was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. **Meadoux v. State**, 325 S.W.3d 189, 193 (Tex. Crim. App. 2010) (citing **Robinson v. California**, 370 U.S. 660, 666–667, 82 S. Ct. 1417, 1420–21, 8 L. Ed. 2d 758 (1962)).

The legislature is vested with the power to define crimes and prescribe penalties. *See* **Davis v. State**, 905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995, pet. ref'd); *see also* **Simmons v. State**, 944 S.W.2d 11, 15 (Tex. App.—Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See* **Harris v. State**, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); **Jordan v. State**, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); **Davis**, 905 S.W.2d at 664. Appellant was convicted of theft in an amount less than $2,500.00, a second degree felony, for which the punishment range is no less than two years but no more than twenty years. *See* TEX. PENAL CODE ANN. § 12.425(b), 12.33, 31.03(a), (e) (4)(D) (West 2019). Thus, the sentence imposed by the trial court falls within the range set forth by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se. *See* **Harris**, 656 S.W.2d at 486; **Jordan**, 495 S.W.2d at 952; **Davis**, 905 S.W.2d at 664.

Nevertheless, Appellant urges the court to perform the three-part test originally set forth in **Solem v. Helm**, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. **Id.**, 463 U.S. at 292, 103 S. Ct. at 3011. The application of the **Solem** test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in **Harmelin v. Michigan**, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g.,* **McGruder v. Puckett**, 954 F.2d 313, 316 (5th Cir.

3

1992), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also* **Jackson v. State**, 989 S.W.2d 842, 845–46 (Tex. App.—Texarkana 1999, no pet.).

We are guided by the holding in **Rummel v. Estelle** in making the threshold determination of whether Appellant's sentence is grossly disproportionate to his crime. 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). In **Rummel**, the Supreme Court considered the proportionality claim of an appellant who received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See id.*, 445 U.S. at 266, 100 S. Ct. at 1135. In that case, the appellant received a life sentence because he had two prior felony convictions—one for fraudulent use of a credit card to obtain $80 worth of goods or services and the other for passing a forged check in the amount of $28.36. *Id.*, 445 U.S. at 265–66, 100 S. Ct. at 1134–35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.*, 445 U.S. at 284–85, 100 S. Ct. at 1144–45.

In this case, the offense committed by Appellant—theft of property in an amount less than $2,500.00—is no less serious than the combination of offenses committed by the appellant in **Rummel**, while Appellant's twenty year sentence is far less severe than the life sentence upheld by the Supreme Court in **Rummel**. Thus, it is reasonable to conclude that if the sentence in **Rummel** is not constitutionally disproportionate, neither is the sentence assessed against Appellant in this case. Furthermore, in his brief, Appellant points to evidence of "significant mitigation issues," including a "tapestry" of a history of criminal conduct and unemployment, all induced by drug addiction. Appellant appears to argue that his drug addiction, and request for intensive drug treatment, was relevant in determining whether his sentence is grossly disproportionate to the crime he committed, and he contends that the trial court failed to consider this evidence in assessing his sentence. We need not address the former contention, because even if his drug addiction is relevant to the grossly disproportionate analysis, we disagree with his latter contention that the trial court failed to consider it. At trial, there was substantial testimony by Appellant of his thirty-year criminal history, mental health issues, and drug addiction. Because we do not conclude that Appellant's sentence is disproportionate to his crime, we need not apply the remaining elements of the **Solem** test. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered September 9, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 9, 2020**

**NO. 12-19-00283-CR**

**DARREN KEIF NELMS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd District Court
of Houston County, Texas (Tr.Ct.No. 18CR-153)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*